Arnold Guy Fraiman, J.
By this CPLR article 78 proceeding petitioner seeks reinstatement to the police department from which he was dismissed in 1971. Respondent City of New York cross-moves to dismiss the petition on the ground that it is barred by res judicata and by the Statute of Limitations. Petitioner was appointed to the police department as a patrolman on January 2, 1970. At the time of his appointment he was not a citizen of the United States, although he stated to the contrary on his application. He in fact became a citizen on March 8, 1971. On August 12, 1971 he was marked "not qualified” for the position of patrolman by the city personnel director because he was not a citizen at the time of filing his application, and he was thereafter discharged from the police department. He thereupon instituted an article 78 proceeding in this court seeking reinstatement on the ground that the statutes and regulations requiring citizenship as a prerequisite for appointment to civil office, and specifically, to the police department, were unconstitutional. In a decision dated May 25, 1972 Mr. Justice Spector denied the petition, but specifically held that petitioner was not precluded from reapplying for a position as a patrolman. Petitioner filed a notice of appeal from that determination, but has never perfected if. Subsequent to Mr. Justice Spector’s decision, the United States Supreme Court in a class action begun in the District Court for the Southern District of New York, declared section 53 of the New York Civil Service Law unconstitutional. (Sugarman v Dougall, 413 US 634 [1973].) Subdivision 1 of section 53, which provides that "no person shall be eligible for appointment for any position in the competitive class unless he is a citizen of the United States”, was one of the statutes which had earlier been considered by Mr. Justice Spector and found to be constitutional. Following the Supreme Court’s decision, an order was entered by the District Court which *854 provided for the publication of a legal notice in the New York Daily News on July 15, 1975. The notice set forth four classes of aggrieved resident aliens who had been denied appointment or promotion by reason of section 53. Such persons were directed to notify the city’s department of personnel of their membership in any of the classes within 15 days of the publication of the notice. Pursuant thereto, on the following day, petitioner advised the department that he was a member of the first and fourth classes set forth in the notice* and sought immediate reinstatement to the police department. He was notified on September 11, 1975 that his application was denied, with no reason for the denial given. He then commenced the instant proceeding on the ground that the denial was arbitrary, capricious and contrary to the decision of the Supreme Court in Sugarman v Dougall (supra).
In support of its cross motion to dismiss the petition, respondent addresses itself only cursorily to the question of whether petitioner is a member of the class in Sugarman v Dougall, but instead primarily argues that the decision of Mr. Justice Spector is res judicata and petitioner’s only remedy lies by way of appeal. In the alternative, it claims that the instant petition is barred by the Statute of Limitations in that it was not brought within four months after the determination in August, 1971 that petitioner was not qualified. Neither of these defenses have merit if petitioner was included in the Sugarman v Dougall class. Clearly, if petitioner’s discharge in 1971 was based exclusively upon section 53 and he did not challenge it, and he subsequently was found to be included in that class protected by Sugarman v Dougall, i.e., those aliens who had been discharged by reason of section 53, he would be entitled to reinstatement to the police department, and the department’s failure to reinstate him would provide the basis for a successful article 78 proceeding. Assuming such premise, it is reductio absurdum to argue that the same petitioner is barred from reinstatement because he did unsuccessfully challenge the constitutionality of section 53, prior to the Supreme Court’s decision. Accordingly, the court holds that the decision of Mr. Justice Spector is not a bar to petitioner’s reinstatement if he is within the class to be protected by Sugarman v Dougall. Nevertheless, his reinstatement must still be denied. *855 Sugarman v Dougall (413 US 634, supra), was concerned solely with section 53. After holding that it was unconstitutional, the court went on to state (pp 646-647): "While we rule that § 53 is unconstitutional, we do not hold that, on the basis of an individualized determination, an alien may not be refused, or discharged from, public employment, even on the basis of noncitizenship, if the refusal to hire, or the discharge, rests on legitimate state interests that relate to qualifications for a particular position or to the characteristics of the employee. We hold only that a flat ban on the employment of aliens in positions that have little, if any, relation to a State’s legitimate interest, cannot withstand scrutiny under the Fourteenth Amendment.”
Section 434a-8.0 of the Administrative Code of the City of New York provides that only United States citizens may be appointed to the police force. Subsequent to the Sugarman v Dougall decision, a three-Judge court of the United States District Court for the Southern District of New York held that subdivision 3 of section 215 of the Executive Law of the State of New York, which requires United States citizenship as a prerequisite to appointment to the State Police, was not in violation of the Constitution. Foley v Connelie (419 F Supp 889.) That case involved a class action by a citizen of Ireland who was refused permission to take the competitive examination for appointment to the State Police on the ground that he was not a citizen of the United States. In dismissing plaintiff’s complaint, the court, referring to the portion of the Supreme Court’s opinion quoted above, concluded that Sugarman v Dougall did not prohibit a State from barring aliens from specific positions in the civil service if the nature of the position warranted such restriction. The court held that upon a proper showing of a compelling interest, the State could exclude all aliens from certain employment. One such area of employment was the police force. The court stated that (p 895), "We believe that the state has a special interest in the composition of its police force which justifies exempting it from the class of ordinary occupations from which aliens cannot be excluded.” The court further noted (p 896): "This court believes there is a strong similarity between the role played by the juror and the policeman in our society, and it has been often recognized that states and the federal government have a compelling interest which justifies excluding aliens from jury service.”
*856 Section 434a-8.0 of the Administrative Code, requiring citizenship for appointment to the city’s police force, is the equivalent of subdivision 3 of section 215 of the Executive Law. For the reasons set forth in Foley v Connelie (supra), the court concludes that section 434a-8.0 is not unconstitutional and petitioner therefore cannot avail himself of the class action determination made in Sugarman v Dougall. Accordingly, the cross motion to dismiss the petition is granted.

 Class I included any resident alien who had been promoted and subsequently demoted by reason of alien status. Class IV included resident aliens who took a civil service examination but were denied appointment by reason of alien status.